UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW GABLEMAN,

    Plaintiff,

vs.                                          Case No.: 6:10-CV-1426-ORL-18-GJK

PORTFOLIO RECOVERY ASSOCIATES,
LLC., POLLACK & ROSEN, P.A. and
ERIN PASTERNACK,

    Defendants,
_____/

## COMPLAINT and JURY TRIAL DEMAND

### INTRODUCTION

1. This is an action for damages brought by Plaintiff, ANDREW GABLEMAN, an individual consumer against the Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC, a foreign limited liability corporation, POLLACK & ROSEN, P.A., a Florida corporation, and ERIN PASTERNACK, individually, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides in Osceola County, Florida and Defendants do business in this District.

### PARTIES

3. Plaintiff, ANDREW GABLEMAN (hereinafter referred to as "Plaintiff" or "GABLEMAN"), is a natural person, and citizen of the State of Florida, residing in Osceola County, Florida.

4. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter referred to as "PORTFOLIO RECOVERY"), is a State of Delaware limited liability company registered in the State of Florida by operating through Portfolio Recovery Associates, Inc. with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502, and whose principle business is purchasing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant, POLLACK & ROSEN, P.A., (hereinafter referred to as "POLLACK & ROSEN") is a Florida corporation, engaged in the practice of debt collection, with its principal place of business located at 800 Douglas Road, North Tower Suite 450, Coral Gables, Florida 33134.

6. Defendant, ERIN PASTERNACK, ("PASTERNACK") is a natural person and member of The Florida Bar presently practicing law from offices which are located at 800 Douglas Road, North Tower Suite 450, Coral Gables, Florida 33134.

7. POLLACK & ROSEN is liable for the actions of PASTERNACK.

8. PORTFOLIO RECOVERY is liable for both the actions of POLLACK & ROSEN and PASTERNACK, (hereinafter collectively referred to as "Defendants, unless otherwise noted).

9. PASTERNACK signed a complaint on behalf of POLLACK & ROSEN which is the subject matter of the instant lawsuit.

10. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

11. Defendants regularly collect or attempt to collect consumer debts from other parties. They are "debt collectors" as that term is defined in the FDCPA.

12. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged consumer debt.

## FACTUAL ALLEGATIONS

13. Defendants sought to collect an alleged consumer debt from Plaintiff arising from a credit card agreement (retail installment sales contract) entered into by Plaintiff for personal, family or household purposes.

14. On May 27, 1010, Defendants filed a law suit in Polk County, Florida against GABLEMAN seeking to collect an alleged debt of $4,277.82 dollars (hereinafter referred to as "the State Court Suit").

15. A true copy of the State Court Suit Complaint and civil docket report is attached hereto and marked as Exhibit "A".

16. The alleged debt was not based upon an agreement which was executed by Plaintiff in Polk County, Florida.

17. GABLEMAN does not and has never resided in Polk County, Florida.

18. Plaintiff has incurred legal fees in defending the State Court Suit.

19. Plaintiff believes that Defendants filed the State Court Suit in an inconvenient and impermissible county as a ploy to cause Plaintiff undue hardship by forcing Plaintiff to travel to another county and thereby coerce Plaintiff into satisfying a disputed debt.

20 In the State Court Suit, Plaintiff filed a Verified Motion to Dismiss Action for Improper Venue (hereinafter referred to as "Motion"). By Order dated August 17, 2010, in the State Court Suit, the matter was transferred from Polk County, Florida to Osceola County, Florida (hereinafter referred to as "Order"). A true and correct copy of the Motion and the Order is attached and marked as Exhibit "B".

## COUNT I
## LITIGATION IN AN IMPERMISSIBLE COUNTY

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendants violated the Fair Debt Collection Practices Act (FDCPA) by filing the State Court Suit in a county in which GABLEMAN did neither reside nor sign an agreement upon which the alleged debt is based. As such, Defendants have collectively violated 15 U.S.C. § 1692i, 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages, including attorney's fees incurred during the State Court Suit;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

F. For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 21st day of September 2010.

DICESARE, DAVIDSON, & BARKER, P.A.

_/s/ Harold E. Barker_

HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
Attorney for Plaintiff